UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAREN ELAINE MEHLROSE,

                                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:20-CV-03406 (WFK) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is a Motion for Attorney's Fees (the "Motion") filed by Alegria and Associates, PLLC ("Alegria") for its representation of Karen Elaine Mehlrose ("Plaintiff") in the instant action. Electronic Case File Number ("ECF No.") 24. The Motion is made pursuant to 42 U.S.C. § 406(b), which directs fee awards in connection with representations before the Commissioner of the Social Security Agency (the "Commissioner" or "Defendant"). On January 17, 2024, District Judge William F. Kuntz II referred the Motion to the undersigned for a Report and Recommendation. Jan. 17, 2024 Order. For the reasons set forth below, the undersigned recommends that the Court GRANT the Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 29, 2020, Plaintiff retained Alegria to represent her before the Commissioner in connection with her claim for social security disability benefits. ECF No. 25, Ex. 2. On July 29, 2020, Plaintiff filed a Complaint (ECF No. 1) against the Commissioner, seeking reversal of the Commissioner's June 4, 2020 final decision denying Plaintiff's application for disability benefits.[1] ECF No. 1 ¶ 11. Subsequently, on March 2, 2021, Plaintiff filed a motion for

---

[1] Plaintiff claimed that "she was disabled and unable to engage in any substantial gainful activity for the period on or about August 15, 2008 up to and including the present time." ECF No. 1 ¶ 5. Plaintiff first applied for disability benefits on July 26, 2016. *Id.* ¶ 6.

judgement on the pleadings with a supporting memorandum of law.  ECF Nos. 14 & 15.  The Commissioner did not oppose the motion.  On May 5, 2021, the Commissioner and Plaintiff filed a joint motion to reverse the Commissioner's decision and remand proceedings to the Administrative Law Judge ("ALJ") "pursuant to sentence four of 42 U.S.C. § 405(g).[2]"  In light of this motion, on May 24, 2021, Judge Kuntz reversed the Commissioner's decision and directed "the Clerk of Court . . . to enter final judgment on the complaint in favor of plaintiff, reversing the final decision of the Commissioner."  May 24, 2021 Order.  Additionally, Judge Kuntz "remanded [the case] for further proceedings consistent with the parties' stipulation."  *Id.*  On June 8, 2021, the Clerk of the Court entered judgement on behalf of Plaintiff and remanded the case to the ALJ for further proceedings.  ECF No. 21.

On August 14, 2021, Alegria filed a joint stipulation with the Commissioner for attorney's fees in the amount of $6,726.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  ECF No. 22.  Consequently, on August 16, 2021, Judge Kuntz ordered "that the Acting Commissioner of Social Security pay to the Plaintiff attorney fees in the amount of Six Thousand Seven Hundred Twenty-Six Dollars ($6,726), pursuant to the  . . .  EAJA" Aug. 16, 2021 Order.

After further review, including a second administrative hearing, "an [ALJ] rendered a *Fully Favorable* decision, dated February 3, 2023, finding that plaintiff was indeed disabled and entitled to social security disability and a past period of social security disability insurance

---

[2] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  "The U.S. Supreme Court has held that remands pursuant to sentence four necessarily involve the district court's entering a final judgment either affirming, reversing, or modifying the decision of the Commissioner."  David D. Camp, *§15:11. Sentence Four (42 U.S.C.A. § 405(g)) Remand*, 2 Soc. Sec. Claims and Procedures § 15:11 (6th ed. 2023) (citing *Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S. Ct. 2625, 2629, 125 L. Ed. 2d 239).

2

benefits ("DIB"), and Supplemental Security Income ("SSI")." ECF No. 25 at 1 ¶ 4; Ex. 1 (emphasis in original). On September 4, 2023, the Commissioner sent Plaintiff a Notice of Award ("NOA") entitling Plaintiff to $96,177.00 in past-due benefits accruing from July 2015. *Id.* at 1 ¶ 4; Ex. 1 at 1. The NOA also notifies Plaintiff that 25% of her past-due benefits have been withheld, totaling $24,044.25 "in case we need to play your lawyer." *Id.*, Ex. 2 at 2.

Subsequently, on September 15, 2023, Alegria filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 24. Along with its motion for attorney's fees, Alegria submitted a memorandum (ECF No. 26) and an affidavit with attachments, including (1) the aforementioned Notice of Award (ECF No. 25, Ex. 1); (2) a fee agreement demonstrating that Plaintiff had retained Alegria on a contingency-fee basis whereby Plaintiff would pay Alegria "25% of all past-due benefits to which [she] is entitled" if she won her case (ECF No. 25, Ex. 2); and (3) itemized time records indicating that Alegria spent a total of 31.5 hours litigating this matter (ECF No. 25, Ex. 3). Alegria's request amounts to an effective rate of $763.31 per hour based on 31.5 hours of work for a grand total of $24,044.25.

On September 26, 2023, the Commissioner filed a response to Alegria's motion for attorney's fees. ECF No. 28. The Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406," and instead deferred to the Court "to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." *Id.* at 1 (citations omitted). The Commissioner did, however,

> request[] that the Court order indicate the amount of any § 406(b) award it authorizes but decline to include language directing that the Commissioner "pay" the award. Alternatively, the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

3

*Id.* at 2.  On September 28, 2023, Alegria replied.  ECF No. 29.  Alegria objected to Defendant's request that the Court refrain from ordering the Commissioner to "pay" the award.  *Id.*  Alegria argues that such an order may "enable[] defendant to neglect its responsibility to withhold the fees the Court awards from plaintiff's past-due benefits and render such amount to plaintiff's counsel. . . . [and therefore] respectfully request[s] that the Court issue its customary order in cases such as this one."  *Id.*  On October 30, 2023, Plaintiff filed another response reiterating the argument made in its September 28, 2023 reply.  ECF No. 30.  On December 21, 2023, Alegria notified the Court that "[t]he Social Security Administration had not yet paid plaintiff her past-due disability insurance benefits. It appears to us that the agency is awaiting the Court's decision on our application for an attorney fee before it releases plaintiff's past-due benefits payment."  ECF No. 31.  Subsequently, Judge Kuntz referred the Motion to the undersigned for a Report and Recommendation.  Jan. 17, 2024 Order.

**II.      DISCUSSION**

    **A.      Reasonableness of the Requested Fee[3]**

       1. <u>Legal Standards</u>

A court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b).  "If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement,

---

[3] The undersigned notes here that Alegria's motion for attorney's fees is timely filed. "Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure." *Miller v. Comm'r of Soc. Sec.*, No. 20-CV-5214, 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019)).  The 14-day period starts running when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Sinkler*, 932 F.3d at 88, 89 n.5.  Here, the NOA was sent to Plaintiff on September 4, 2023, (ECF No. 25 at 1 ¶ 4; Ex. 1 at 1) and Alegria filed this Motion on September 15, 2023 (ECF No. 24) – 11 days later.  Thus, the motion is timely filed.

4

a district court should test the agreement for reasonableness." *Miller*, 2023 WL 5002789, at *3 (citing *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022)).

A district court may consider several factors to determine if an award is reasonable, including "(1) the character of the representation and the result the representative achieved," (2) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." *Miller*, 2023 WL 5002789, at *3 (quoting *Fields*, 24 F.4th at 853 n.2).

To analyze the "windfall" factor, the Second Circuit instructs courts to "consider more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. Specifically, courts should also consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56; *see also Miller*, 2023 WL 5002789, at *2-3.

"In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee." *Miller*, 2023 WL 5002789, at *3 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002)); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA

5

award to his clients."); *see also Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (directing refund of EAJA award to prevent the existence of a "double recovery, which is impermissible.") (citation omitted).

2. Application

Here, Plaintiff retained Alegria pursuant to a contingency-fee agreement entitling counsel to up to 25% of Plaintiff's past-due benefits. ECF No. 25, Ex. 2. Alegria seeks the full 25% of the awarded past-due benefits, totaling $24,044.25. *Id*. at 1. Alegria billed 31.5 hours of work for an effective hourly rate of $763.31. As set forth below, the undersigned finds that amount to be reasonable.

First, "[t]o determine reasonableness," the Court considers "the character of the representation and the results the representative achieved." *Miller*, 2023 WL 5002789, at *2 (citing *Fields*, 24 F.4th at 849). Here, Alegria's briefing was so effective that the Commissioner stipulated to a reversal of its decision without opposition. *See* ECF Nos. 15 & 19. It is difficult to imagine how Alegria could have more efficiently won Plaintiff her long-sought disability benefits. *See Miller,* 2023 WL 5002789, at *3 ("counsel's thorough briefing prompted the SSA to agree to a remand and her advocacy before the agency on remand achieved the exact result Plaintiff sought—an award of past-due and future benefits"). Thus, the undersigned finds that Alegria's representation satisfies this first factor.

"Second, the Court must determine whether counsel was responsible for unreasonable delays." *Id.* Here, the Court notes that it was the Commissioner who requested two extensions of time; one to file the administrative record in this case, and one to file its response to Plaintiff's motion for judgement on the pleadings. ECF Nos. 12 & 18. Nothing else in the record suggests any unreasonable delay by Alegria.

6

The next consideration is whether the requested amount constitutes a "windfall." *Id.* at *3; *see also Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Fields*, 24 F.4th at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court finds that 31.5 hours was a reasonable amount of time to expend on this case. For example, courts have found reasonable 27.4 hours of work at an effective hourly rate of $1,105.36 (*Bluni v. Comm'r of Soc. Sec.*, No. 20-CV-2984, 2023 WL 8829172, at *2 (E.D.N.Y. Dec. 21, 2023)), 56.7 hours of work for an effective hourly rate of $510.16 (*Miller*, 2023 WL 5002789, at *3), and 40.1 hours of work at an effective hourly rate of $889.19 (*Schultz v. Comm'r of Soc. Sec.*, No. 18-CV-5919 (PKC), 2022 WL 2918237, at *1 (E.D.N.Y. July 25, 2022)). Here, Alegria reviewed an administrative record consisting of hundreds of pages and prepared a memorandum of law in its representation of Plaintiff. ECF No. 15. And, given that Alegria's total time billed and an effective hourly rate fall comfortably within the bounds of other similar cases, Alegria's fee request satisfies this factor.

Second, regarding "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (*Fields*, 24 F.4th at 855), the undersigned notes that Alegria represented Plaintiff in this suit, and in front of the Commissioner at a second hearing on remand. ECF No. 25 ¶¶ 10-11. Again, Alegria reviewed a lengthy administrative record and represented Plaintiff in federal court and at the administrative level, resulting in an award of nearly $100,000. *See, Miller*, 2023 WL 5002789, at *4 (finding no downward adjustment where plaintiff's counsel "expended time reviewing the administrative record and drafting Plaintiff's motion for judgment on the pleadings, resulting in a significant, six-figure award for her client"); *see also Newlin v. Kijakazi*, No. 19-CV-6248, 2022 WL

950981, at *5 (S.D.N.Y. Mar. 30, 2022) (finding counsel's "significant investment of time and effort" sufficient to grant the full fee award requested). Thus, this factor does not weigh in favor of any downward adjustment of fees.

Third, "the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that she sought and the future benefits she will receive; there is no evidence in the record to the contrary." *Miller*, 2023 WL 5002789, at *4 (citing *Vomero v. Comm'r of Soc. Sec.*, 19-CV-5799, 2022 WL 2918330, at *3 (E.D.N.Y. July 25, 2022) ("finding no downward adjustment on the third windfall factor was required where there was only one brief delay"); *see also Daniels v. Comm'r of Soc. Sec.*, 20-CV-430, 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (same). Therefore, the third factor does not warrant any downward adjustment.

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the undersigned notes that "payment for an attorney in a social security case is inevitably uncertain." *Miller*, 2023 WL 5002789, at *4 (citing *Wells*, 907 F.2d at 371). Although the Commissioner stipulated to remand after Plaintiff filed its opening motion for judgment on the pleadings, that alone does not mean this case was necessarily less risky than others. *See Id.* ("Despite counsel succeeding relatively quickly—the parties stipulated to remand after Plaintiff filed her opening brief—this case was not inherently less risky than other similar cases. Therefore, the fourth factor also does not warrant a downward adjustment.").

Thus, based on analysis of the factors above, the undersigned recommends that the Court find the requested amount of attorney's fees to be reasonable. Additionally, upon receiving the § 406(b) award, Alegria must refund to Plaintiff the $6,726.00 previously awarded to Alegria pursuant to the EAJA. Aug. 21, 2021 Order; *see, e.g., Bluni*, 2023 WL 8829172, at *4 ("Upon

8

receiving the award, [counsel] shall refund the EAJA award of $5,983.60 to [plaintiff]."); *Barbour*, 2014 WL 7180445, at *2 ("The Court directs counsel, upon receipt of the $26,784 award made under § 406(b), to refund the $8,599.84 award, made under the EAJA to the Plaintiff, as the lesser of the two fee awards.") (citation omitted).

### B. The Commissioner Must Pay the Award to Alegria

Although Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406," it does dispute whether the language in the Court's order should "direct[] that the Commissioner 'pay' the award." ECF No. 28. Instead, Defendant requests "that any amount [the Court] authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." *Id.* The thrust of this distinction is based on Defendant's assertion that the claimant, and not the Commissioner, is ultimately liable to counsel for satisfaction of attorney's fees. *See* ECF No. 28 at 2 ("if the withheld benefits in the Commissioner's possession are 'insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference,'") (quoting *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008)). Alegria, on the other hand, contends that not directing the Commissioner to "pay" the fees obfuscates the Commissioner's responsibility, and may "needlessly pit counsel against client." ECF No. 29.

The undersigned finds that the parties are litigating a distinction without a difference. Their divergence, if any, arises from varying interpretations of the Second Circuit's ruling in *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016). There, the Circuit held that Plaintiff's counsel, Binder & Binder, had no right of action against the Commissioner for its

9

alleged failure to "withhold attorney's fees from payments to successful claimants, [because] there is no waiver of sovereign immunity." *Id.* In relevant part, the Court held,

> Binder confuses rights and remedies. Binder begins by noting that it "continues to be entitled to its statutorily awarded legal fees," Binder Br. 9; fair enough. It then says that such a right means that the "SSA remains *liable* to [Binder] for the award fees . . ." Binder Br. 17 (emphasis added). But, as [then-district Judge Joseph Bianco] aptly observed "[a]lthough *Binder II* recognizes a statutory *duty* [based on 42 U.S.C. § 406(a) ] on the part of the SSA, the decision does not establish a corresponding remedy of money damages against the SSA for breach of that duty.

*Id.* (emphases in original). In other words, although a Plaintiff may be entitled to attorney's fees, it has no right of action against the Commissioner to recover them if the amount withheld from past-due benefits is less than expected.[4]

Given this precedent in *Binder*, the undersigned finds that the disagreement between Alegria and Defendant is one of semantics and not substance. Section 406 allows the Commissioner to withhold up to 25% of past-due benefits to create a fund for the express purpose of "fix[ing] . . . a reasonable fee to compensate such attorney for the services performed." 42 U.S.C. § 406(a)(1). Here, the Commissioner did exactly that by withholding $24,044.25 for this purpose and Alegria now seeks to collect from this pool. It is for this reason that courts in this District routinely order the Commissioner to pay counsel when awarding attorney's fees pursuant to Section 406(b). *See, e.g.*, *Bluni,* 2023 WL 8829172, at *4 ("The Court approves a fee award in the amount of $25,587, *to be paid by the Commissioner* out of the proceeds awarded to Bluni as past-due benefits") (emphasis added); *Wilson v. Comm'r of Soc. Sec.*, No. 22-CV-1875, 2023 WL 8047008, at *2 (E.D.N.Y. Nov. 21, 2023) ("The SSA is

---

[4] The Circuit recognized that its "holding today may leave some aggrieved parties without relief, but that is inherent in the doctrine of sovereign immunity . . . We can hope that the agency and Congress will consider fashioning remedies for those injured by such mistakes when the federal courts cannot." *Binder & Binder*, 818 F.3d at 72 (internal quotations and citations omitted).

10

directed *to disburse* $12,871.50 to Mr. Delott.") (emphasis added); *Magno obo Capello v. Comm'r of Soc. Sec.*, No. 21-CV-01863, 2023 WL 7017080, at *2 (E.D.N.Y. Oct. 25, 2023) ("Accordingly, the Court approves an award of fees in the amount of $15,446.25 pursuant to 42 U.S.C. § 406(b)(1), *to be paid by the Commissioner* out of Plaintiff's past-due benefits in accordance with agency policy.") (emphasis added).  Although these orders direct the Commissioner to pay plaintiffs' counsel, they do not, in accordance with *Binder*, create a remedy if the Commissioner had failed to withhold from past-due benefits the full amount counsel believed it was owed.[5]  The varying language among these orders reflects that the apparent disagreement between Alegria and the Commissioner over wording is immaterial.  The undersigned thus finds there is no real disagreement here, especially given that the Commissioner has withheld the precise amount sought by Alegria.  *See* ECF No. 25, Ex. 1 at 2 ("we withheld $24,044.25 from your past due benefits in case we need to pay your lawyer")

### III.  CONCLUSION

Thus, for the foregoing reasons, the undersigned recommends that Alegria's motion pursuant to 42 U.S.C. § 406(b) for attorneys' fees in the amount of $24,044.25 be GRANTED.  The Commissioner should be directed to disburse $24,044.25 to Alegria.  The undersigned further recommends that the Court direct Alegria, upon receipt of the $24,044.25 award made under § 406(b), to refund to Plaintiff the $6,726.00 previously awarded to Alegria pursuant to EAJA.

---

[5] Alegria does not dispute this understanding.  In its reply brief, Alegria cites *Binder* for the proposition that "plaintiff's counsel had no recourse against [the Commissioner] for its failure to withhold attorney's fees from payments to successful claimants, [because] there is no waiver of sovereign immunity."  ECF No. 29 (citations and internal quotations omitted).

## IV.     OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Kuntz.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
       February 15, 2024

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge